# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MATTHEW J. KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-0900-CV-W-GAF-P |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Respondent. | |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, who is involuntarily committed to the Southeast Missouri Mental Health Center in Farmington, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 civil commitment as a sexually violent predator under Mo. Rev. Stat. §§ 632.480-632.513, which was entered into the Circuit Court of Buchanan County, Missouri. Petitioner's commitment was affirmed on direct appeal (Respondent's Exhibit D), and the denial of his motion for post-conviction relief was upheld on appeal thereof (Respondent's Exhibit I). Petitioner raises three (3) grounds for relief. Respondent contends that Ground 2 is procedurally defaulted and that Grounds 1 and 3 are without merit.

## FACTUAL BACKGROUND

In affirming petitioner's commitment, the Missouri Court of Appeals, Western District, set forth the following facts:

> In 1999, when King was fourteen years old, he approached a girl at a YMCA dance, grabbed her hand, and pushed it down the front of his pants. Approximately two weeks later, King engaged in sexual contact with a ten-year-old neighbor boy. Following this incident, King was adjudicated in juvenile court and hospitalized for two weeks for sex offender specific treatment.

> In 2004, when King was nineteen years old, he was convicted of assault (originally charged as second degree child molestation) for forcing a fifteen-year-old girl to have sexual intercourse. In 2005, King pleaded guilty to sexual abuse. He picked up the victim who was walking and identified himself as a police officer. He then drove to a secluded area, got on top of the girl, pulled up her shirt and bra, and masturbated until he ejaculated on her. He was sentenced to a term of imprisonment in the Department of Corrections for this conviction. Before his scheduled release, the State filed a petition to commit King to the custody of the Department of Mental Health as a sexually violent predator.
>
> . . . . The jury found King to be a sexually violent predator, and the trial court committed him to the custody of the Department of Mental Health for control, care, and treatment.

Respondent's Exhibit D, pp. 2-3.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 1

In Ground 1, petitioner asserts a claim of ineffective assistance of counsel in that counsel "failed to make reasonable investigations into [petitioner's] case." Doc. No. 1, p. 2. Specifically,

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

petitioner claims that trial counsel only spent one hundred fifty-eight days preparing for his trial and argues that it takes at least twice that much time to reasonably prepare for a trial concerning the commitment of a sexually violent predator (SVP). Doc. No. 1, pp. 2-3.

The Circuit Court of St. Francois, Missouri, denied Ground One as follows:

> Mr. King's first claim is that his SVP trial counsel was ineffective. Mr. King does not identify any specific deficiency. Rather, Mr. King alleges that trial counsel went to trial in 158 days and should have taken at least 180 days. He argues that his attorney "could not have adequately" investigated and prepared for trial.
>
> This Court notes that no Missouri court has held that SVP defendants have a remedy in state habeas proceedings for ineffective assistance of counsel during the SVP trial. However, even assuming that (1) a remedy for ineffective assistance of SVP trial counsel exists, (2) it may be pursued in habeas proceedings, and (3) the criminal *Strickland v. Washington* standard for evaluating ineffective assistance of counsel claims applies, Mr. King's claim still fails on the merits.
>
> To prevail on a claim of ineffective assistance of counsel under *Strickland*, Mr. King must show "(1) his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) his counsel's deficient performance prejudiced him." *Anderson v. State*, 196 SW.3d 28, 33 (Mo. banc 2006). To satisfy the first prong, and show that his counsel's performance was deficient, Mr. King must "identify[] specific acts or omissions of counsel that . . . fell outside the wide range of professional competent assistance." *Id*. He "must overcome a strong presumption that counsel provided competent representation." *Id*.
>
> Here, however, Mr. King does not identify *any* specific acts or omissions by his attorney that were putatively deficient. His argument is simply that his attorney went to trial in 158 days instead of the alleged "average" of 180 days. He conclusorily states that his attorney could not have adequately investigated the case in that time, but again fails to identify any specific deficiency in the investigation. Mr. King does not identify any witness that should have been located, any evidence that should have been presented, or any other specific deficiency. Accordingly, he has failed to demonstrate that his attorney was ineffective. *See Redeemer v. State*, 979 S.W.2d 565, 569 (Mo. App. W.D. 1998) ("To succeed on his ineffective assistance of counsel claim based on inadequate preparation or investigation," defendant must allege "what information his attorney failed to discover."); *Yoakum v. State*, 8489 S.W.2d 685, 689 (Mo. App. W.D. 1993) (no ineffective assistance of counsel where defendant "fails to allege specific facts as to what might have

3

occurred or been discovered" if his attorney had had more time before trial). Thus, his claim for ineffective assistance of counsel is meritless.

Respondent's Exhibit H, pp. 1-3.

In Strickland, the Court held that, in order for petitioner successfully to assert a claim for ineffective assistance of trial counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland 466 U.S. at 687-88. This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington, 131 S. Ct. at 787 (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

The Missouri Court of Appeals, Western District, and the Missouri Supreme Court summarily denied Ground 1 in one-line orders. When a state court denies a petitioner's claim without explaining its reasoning, it is presumed that the state court adjudicated petitioner's claim on the merits unless there is "reason to think some other explanation for the state court's decision is more likely." Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011). Furthermore, "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501

4

U.S. 797, 803 (1991).

The Circuit Court of St. Francois, Missouri, held, and the Missouri Court of Appeals, Western District, and the Missouri Supreme Court presumably agree, that even if Strickland applies, Ground 1 fails because petitioner's claim only amounts to conclusory allegations that his counsel was ineffective for failing to perform a lengthier investigation. Respondent's Exhibit H, pp. 1-3. Specifically, the court held that petitioner failed to allege specific acts or omissions by his attorney that amount to deficient performance or specific benefits that would have resulted from a lengthier investigation. Id. Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), petitioner's claim of ineffective assistance of trial counsel, Ground 1, will be denied.

## **GROUND 2**

In Ground 2, plaintiff alleges that he was denied due process when Dr. Franks, the state's expert psychologist, failed to state that petitioner "was a SVP to a reasonable degree of psychological certainty." Doc. No. 1, p. 5. Respondent argues that petitioner procedurally defaulted Ground 2 by failing to raise it on direct appeal. Doc. No. 10, pp. 11-12. In reply, petitioner argues that his procedural default was caused by ineffective assistance of appellate counsel. Doc. No. 17, pp. 8-9.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there

5

is a procedural default." Id.  Petitioner procedurally defaulted Ground 2 by failing to include the claim on direct appeal.  Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997)(recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

"In order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation."  Evans v. Luebbers, 371 F.3d 438, 445 (8th Cir. 2004) (citing Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).  "Thus, the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom."  Evans, 371 F.3d at 445 (citing Strickland, 466 U.S. at 687 (1984)).  Petitioner independently has presented a claim of ineffective assistance of appellate counsel to the state court relating to counsel's failure to challenge the prosecution's misconduct; however, petitioner has failed to show that the ineffective assistance rose to the level of an independent constitutional violation (see Ground 3– this Court's rejection of petitioner's ineffective assistance of appellate counsel claim).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered.  See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir.) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime

6

for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006).

For the foregoing reasons, Ground 2 will be denied.

## GROUND 3

In Ground 3, petitioner asserts a claim of ineffective assistance of appellate counsel in that counsel failed to bring petitioner's due process claim (Ground 2) on direct appeal. Doc. No. 1, pp. 6-7. Respondent argues that there is no federal constitutional right to effective assistance of appellate counsel on appeal of a civil commitment, pursuant to Brown v. Watters, 599 F.3d 602, 609 (7th Cir. 2010), cert. denied, 131 S.Ct. 293 (2010). Doc. No. 10, pp. 12-13. Furthermore, respondent argues that, at the very least, such a right is not "clearly established" by a United States Supreme Court decision. Doc. No. 10, p. 13. In reply, petitioner argues that, although the Supreme Court has been silent on the issue, a case in the Virginia Supreme Court, Jenkins v. Dir. of Va. Ctr. for Behavioral Rehab., 624 S.E.2d 453 (Va. 2006), conflicts with the holding in Brown. Doc. No. 17, p. 6.

Petitioner raised Ground 3 in his habeas petition to the Missouri Supreme Court, where the court summarily denied his petition. Respondent's Exhibits J and K. The Supreme Court has held that, when considering a claim summarily denied by the state court, the court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Harrington, 131 S. Ct. at 786.

The decision of the Missouri Supreme Court could have been supported by the arguments and theories advanced by respondent's response. Furthermore, petitioner admits that the Supreme

7

Court has not established a clear constitutional right to effective assistance of counsel challenging civil commitment on direct appeal. Finally, in overruling petitioner's objection at trial that Dr. Franks failed to state his opinion to a reasonable degree of psychological certainty, the trial judge found that it was sufficient that Franks gave his opinion as an expert witness that petitioner has a mental abnormality and that stating specifically that his opinion was "to a reasonable degree of psychological certainty" was unnecessary. Respondent's Exhibit A, pp. 586-88. As a result, the Missouri Supreme Court could have found that, even if petitioner has a constitutional right to effective counsel on appeal of civil commitment, counsel's failure to raise the claim on direct appeal did not prejudice petitioner, because petitioner's due process claim is without merit. See Davidson v. Bowersox, 288 F.3d 1076, 1078 (8th Cir.) (state court's decision to exclude expert's testimony was not unreasonable when expert "clearly stated that he could not give an opinion regarding [petitioner's] mental state"), cert. denied, 537 U.S. 925 (2002).

"Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784. Because the state courts' determinations were not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Ground 3 will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004).

8

Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

    /s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: February 14, 2012 .